UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MICHAEL SLAON,

                                **Plaintiff,**

  vs.                                                  3:21-CV-00769 (MAD/ML)

TRANSUNION, LLC,

                                **Defendant.**
_____

**APPEARANCES:**                                   **OF COUNSEL:**

**HARRIS BEACH PLLC**               **WILLIAM MICHAEL XAVIER**
333 West Washington Street, Suite 200    **WOLFE, ESQ.**
Syracuse, New York 13202              **DAVID M. CAPRIOTTI, ESQ.**
Attorneys for Plaintiff

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On July 6, 2021, Plaintiff Michael Sloan commenced this action against Defendants TransUnion, LLC ("TransUnion") and Syracuse 727, LLC d/b/a the Marshall Syracuse ("Syracuse 727"). *See* Dkt. No. 1. Plaintiff alleged four causes of action: (1) violations of the federal Fair Credit Reporting Act ("FCRA") against TransUnion, *see* 15 U.S.C. §§ 1681e(b), 1681i; (2) violations of the New York Fair Credit Reporting Act ("NYFCRA") against TransUnion, *see* N.Y. Gen. Bus. Law §§ 380-f, 380-j(e); (3) violations of New York Real Property Law against Syracuse 727; and (4) breach of contract against Syracuse 727. *See* Dkt. No. 1 at ¶¶ 6-10. Syracuse 727 appeared and answered the complaint on July 28, 2021. *See* Dkt. No. 7. When TransUnion failed to answer or otherwise appear, Plaintiff obtained a Clerk's entry of default as to TransUnion. *See* Dkt. No. 17. Plaintiff subsequently settled his claims against

Syracuse 727. *See* Dkt. No. 31.

Currently before the Court is Plaintiff's unopposed motion for default judgment against TransUnion. *See* Dkt. No. 22. For the reasons that follow, Plaintiff's motion is denied.

## II. BACKGROUND

Syracuse 727 is a limited liability company that owns an off-campus student housing development, known as the Marshall Syracuse (the "Marshall"), for Syracuse University students in Syracuse, New York. *See* Dkt. No. 1 at ¶ 16. On August 3, 2019, Plaintiff entered into a lease agreement with Syracuse 727 for a rental unit in the Marshall. *See id.* at ¶ 17. On March 16, 2020, Syracuse University suspended all in-person learning due to COVID-19, and on March 20, 2020, New York State Governor Cuomo "announced a State Moratorium on residential and commercial evictions which also included a prohibition on negative credit reporting by financial institutions." *Id.* at ¶¶ 20-21. Plaintiff also learned that other students living in the Marshall had contracted COVID-19, the Marshall no longer had a security guard on duty, and certain amenities had been closed. *See id.* at ¶¶ 24-25. On or about March 31, 2020, Plaintiff vacated the unit.

After Plaintiff vacated the unit, he was charged rent for the months of April, May, June, and July, as well as for cleaning and repair fees. *See id.* at ¶ 31. The total outstanding rent and fees was $7,139.52. *See id.* at ¶ 32. Plaintiff alleges that Syracuse 727 did not make any good faith effort to mitigate potential damages. *See id.* at ¶ 33. On October 15, 2020, Plaintiff received a letter from I.Q. Data International, Inc. (the "Collection Agency"), stating that the $7,139.52 allegedly owed to Syracuse 727 had been referred to it for collections. *See id.* at ¶ 36. Plaintiff disputed the debt with the Collection Agency, but a negotiation of settlement failed and the collections action was reported to TransUnion. *See id.* at ¶ 37. Plaintiff later learned that his FICO credit score, as reported by TransUnion, had been reduced to 539, and his credit card's

credit limit was reduced from $1,500.00 to $300.00.  *See id.* at ¶¶ 39-40.  Plaintiff submitted an online dispute with TransUnion and, on March 9, 2021, TransUnion responded to the online dispute by confirming the accuracy of Plaintiff's credit report but did not conduct a reinvestigation of the dispute.  *See id.* at ¶¶ 42-43.

Plaintiff now moves for a default judgment and order "directing TransUnion to correct [his] FICO credit score and the negative credit report therein."  Dkt. No. 22-1 at 2.

### III. DISCUSSION

A.   **Entry of Default Judgment**

Once the Clerk enters a party's default pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the court may enter a judgment against the defaulting party.  *See* Fed. R. Civ. P. 55(b)(2).  "That rule, in tandem with the Northern District of New York Local Rule 55.2, sets forth certain procedural prerequisites that must be met before a default judgment may be entered." *Pert 35, Inc. v. Amari Aviation Ltd.*, No. 09-CV-0448, 2010 WL 1257949, *3 (N.D.N.Y. Mar. 5, 2010) (citation omitted).  The moving party must "1) show that the defendant was properly served with a summons and complaint; 2) obtain the entry of default; and 3) provide an affidavit setting forth the salient facts including, if the defendant is a person, showing that he or she is not an infant or incompetent, or a member of the United States Military Service."  *Id.* (citing Fed. R. Civ. P. 55(b); N.Y.N.D. L.R. 55.1, 55.2) (other citations omitted).

The Second Circuit has "generally disfavored" granting default judgment because it is an extreme remedy, and while it may be efficient, the court must weigh its interest in expediency against the need to afford all litigants the opportunity to be heard.  *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95-96 (2d Cir. 1993) (citing *Merker v. Rice*, 649 F.2d 171, 174 (2d Cir. 1981); *Gill v. Stolow*, 240 F.2d 669, 670 (2d Cir. 1957)).  Although the Second Circuit has a clear preference

for deciding cases on the merits, district courts are given discretion to assess the individual circumstances of each case and grant default judgment where appropriate. *Enron Oil Corp.*, 10 F.3d at 95-96 (citing *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 507 (2d Cir. 1991), *cert. denied*, 503 U.S. 1006 (1992); *Traguth v. Zuck*, 710 F.2d 90, 94 (2d Cir. 1983); *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)). However, when a motion for default judgment is unopposed, the movant only needs to satisfy the "modest burden of demonstrating entitlement to the relief requested." *Rusyniak v. Gensini*, No. 5:07-CV-0279, 2009 WL 3672105, *1 n.1 (N.D.N.Y. Oct. 30, 2009) (quoting *Cossey v. David*, No. 04-CV-1501, 2007 WL 3171819, *7 (N.D.N.Y. Oct. 29, 2007)).

Plaintiff has satisfied the procedural prerequisites for obtaining a default judgment. Plaintiff has properly served TransUnion with the summons and complaint, *see* Dkt. No. 5, obtained an entry of default, *see* Dkt. No. 17, and provided an affidavit showing that TransUnion is not an infant, incompetent, or a member of the United States Military Service, *see* Dkt. No. 22-1 at 2. Accordingly, the Court turns to whether Plaintiff has met his burden of demonstrating that he is entitled to the relief requested.[1]

"The FCRA creates a private right of action against credit reporting agencies for the negligent ... or willful ... violation of any duty imposed under the statute." *Casella v. Equifax Credit Info. Servs., et al.*, 56 F.3d 469, 473 (2d Cir. 1995) (citations omitted). "For any such violation, the credit reporting agency is liable to the consumer for 'actual damages' sustained, the

---

[1] The Court notes that Section 2(G) of the Individual Rules and Practices of the Hon. Mae A. D'Agostino provides that, "[i]n addition to the requirements set forth in the Federal and Local Rules of Civil Procedure, a party moving for default judgment must include a certificate of service demonstrating that it has served the motion on the party against whom default is sought." Plaintiff was provided notice of these Individual Rules both in the Filing Order and through a text notice issued by the Clerk's Office. *See* Dkt. Nos. 3, 4. No such certificate of service has been filed. Should Plaintiff seek to renew this motion in the manner discussed below, he is instructed to fully comply with Section 2(G) when doing so.

costs of the action together with reasonable attorney's fees and, in the case of willful noncompliance, punitive damages." *Id.* (quoting 15 U.S.C. §§ 1681n, 1681o).

Here, Plaintiff's motion for default judgment asks only for injunctive relief—namely, an order "directing TransUnion to correct [his] FICO credit score and the negative credit report therein." Dkt. No. 22-1 at 2. Although the Second Circuit has yet to address whether the FCRA provides a private right of action to obtain injunctive relief, the Fifth Circuit and a majority of federal courts in this Circuit hold that the FCRA does not permit such relief. *See Washington v. CSC Credit Services Inc.*, 199 F.3d 263, 268 (5th Cir. 2000); *Owoyemi v. Credit Corp Sols. Inc.*, No. 21-CV-8021, 2022 WL 993011, *3 (S.D.N.Y. Mar. 9, 2022), *report and recommendation adopted*, 2022 WL 992842 (S.D.N.Y. Mar. 31, 2022); *Grauman v. Equifax Info. Services, LLC*, 549 F. Supp. 3d 285, 292 n.4 (E.D.N.Y. 2021); A*rnold v. Navient Sols., LLC*, No. 1:17-CV-1277, 2018 WL 6671542, *3 n.6 (N.D.N.Y. Dec. 19, 2018); *Okocha v. HSBC Bank USA, N.A.*, 700 F. Supp. 2d 369, 374 & n.12 (S.D.N.Y. 2010); *Cadet v. Equifax Credit Services*, No. 05-CV-4843, 2006 WL 8439286, *2 (E.D.N.Y. Feb. 10, 2006); *White v. First Am. Registry, Inc.*, 378 F. Supp. 2d 419, 424 (S.D.N.Y. 2005). If Plaintiff does seek damages against TransUnion, he may make a renewed motion for default judgment seeking such relief within thirty days of this Memorandum-Decision and Order. The Court notes, however, that Plaintiff must substantiate his request for damages. *See Happy Homes, LLC v. Jenerette-Snead*, No. 15-CV-01788, 2016 WL 6599826, *4 (E.D.N.Y. Nov. 7, 2016) ("[A] court cannot simply rely on the plaintiff's statement to determine damages on a default judgment") (citing *Transatl. Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)).

Accordingly, Plaintiff's motion for default judgment against TransUnion is denied.

### IV. CONCLUSION

5

After carefully reviewing the entire record in this matter, Plaintiff's submissions, and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for default judgment against TransUnion (Dkt. No. 22) is **DENIED**; and the Court further

**ORDERS** that Plaintiff may renew his motion for a default judgment within thirty days of the issuance of this Memorandum-Decision and Order; and the Court further

**ORDERS** that if no such motion is made this action will be dismissed without further order from the Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 16, 2022
      Albany, New York

Mae A. D'Agostino
U.S. District Judge